Filed 2/21/24  P. v. Parigi CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MEGAN PARIGI,<br><br>    Defendant and Respondent. | 2d Crim. Nos. B321153, B322247<br>(Super. Ct. Nos. 20F-06567,<br>21F-00172)<br>(San Luis Obispo County) |

Megan Parigi appeals a judgment following conviction of first degree burglary, with a finding that a non-accomplice was present in the residence at the time of the burglary, and unlawful driving or taking of a vehicle.  (Pen. Code, §§ 459, 667.5, subd. (c)(21)[1]; Veh. Code, § 10851, subd. (a).)  The trial court separately found that Parigi suffered a previous felony strike conviction. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).)

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

Parigi raises two claims of instructional error and one claim of sentencing error. We reject these contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In January 2021, seven roommates lived in a large residence on Longview Lane in San Luis Obispo. In the early morning of January 19, 2021, an intruder entered the bedroom of two of the female roommates, and said, "[O]h, no wonder." The two roommates closed their bedroom door and telephoned 911. Soon after, police officers arrived but did not find any intruder inside the residence.

Roommate Anton Schuh owned a 2019 Toyota 4Runner that he parked in a distinctive manner to avoid passing bicyclists in a dedicated parking space close to the residence. Schuh placed the ignition key to the vehicle atop a stereo speaker inside the residence. As reflected in a video recording from a passing police patrol vehicle, Schuh's vehicle was parked in the same spot shortly after midnight.

At approximately 4:15 a.m., San Luis Obispo Polce Officer Joseph Cox drove past the Longview residence and noticed Parigi sitting in the driver's seat of Schuh's vehicle. The vehicle was not parked in the same spot that Schuh had parked it earlier that evening.

Cox spoke with Parigi who acknowledged that the vehicle did not belong to her. She later admitted that she entered the residence and took the keys from the stereo speaker area. Their conversation was captured on Cox's bodycam video and played at trial. On the floorboard lay an empty Amazon envelope reflecting the Longview Lane address. Schuh did not know Parigi and had not given her the vehicle keys or permission to be inside his vehicle.

The jury convicted Parigi of first degree burglary and unlawful driving or taking of a vehicle. (§ 459; Veh. Code, § 10851, subd. (a).) It also found that a non-accomplice was present in the residence at the time of the burglary. (§ 667.5, subd. (c)(21).) In a separate proceeding, the trial court found that Parigi suffered a previous felony strike conviction. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d).)

The trial court sentenced Parigi to an aggregate term of eight years in prison, consisting of a four-year middle term that was doubled pursuant to the "Three Strikes" law. The court stayed sentence on the Vehicle Code count pursuant to section 654. The court imposed restitution fines and awarded Parigi 591 days of presentence custody credit. The court also dismissed the previous felony enhancement that Parigi had admitted.

Parigi appeals and contends that the trial court erred by: 1) instructing with CALCRIM No. 376 regarding possession of recently stolen property; 2) instructing regarding the requisite intent for burglary; and 3) not sentencing her pursuant to section 1385, subdivision (c).

*DISCUSSION*

*I.*

Parigi argues that the trial court prejudicially erred by instructing with CALCRIM No. 376 ("Possession of Recently Stolen Property as Evidence of a Crime"). She asserts that only slight and insufficient evidence supports the instruction. We reject this contention and conclude that substantial evidence supports the inference that Parigi was in possession of recently stolen property.

CALCRIM No. 376 provides: "If you conclude the that defendant knew she possessed property and you conclude that

3

the property had in fact been recently stolen, you may not convict the defendant of burglary or unlawful taking or driving a vehicle based on those facts alone. However, if you also find that supporting evidence tends to prove her guilt, then you may conclude that the evidence is sufficient to prove she committed burglary or unlawful taking or driving a vehicle. The supporting evidence need only be slight and need not be enough by itself to prove guilt. . . ."

The trial court properly instructed with CALCRIM No. 376 because Parigi was in possession of recently stolen property. Schuh testified that he left his vehicle keys on or near the stereo speaker and that he did not give them to Parigi. Parigi was found in possession of the keys a few hours later. She also admitted to Cox that she entered the Longview residence and took the keys from the stereo speaker. As well, Parigi was in possession of the Amazon envelope that was addressed to the Longview residence. Parigi was found sitting in Schuh's vehicle with the Amazon envelope mixed with her possessions. This evidence supports the reasonable inference that the vehicle keys and Amazon envelope were recently stolen by Parigi.

Moreover, the prosecution proceeded on the burglary charge that Parigi intended to commit theft, an intent to steal property and permanently deprive the owner of its possession, when she entered the residence.

## II.

Parigi claims that the trial court committed prejudicial instructional error because the instructions permitted the jury to convict her of burglary without finding that she had the intent to commit theft or any felony upon entering the residence. She asserts that the jury received instructions that the requisite

4

intent for burglary could rest upon the non-theft misdemeanor of unlawful taking of a vehicle.

An intent to commit unlawful driving or taking of a vehicle can establish the requisite intent for a burglary conviction. Here the jury received instruction regarding the specific intent required for burglary as well as unlawful driving or taking of a vehicle. (CALCRIM Nos. 251, 1700.) Each count was charged as a felony. The intent to commit theft, any felony, or the wobbler offense of unlawful driving or taking of a vehicle can support a burglary conviction. (*People v. Farley* (2009) 46 Cal.4th 1053, 1112-1113.) "That a judge ultimately may impose a sentence other than state prison, making the crime a misdemeanor, does not remove [a wobbler offense] from the class of crimes that may form the basis for a burglary conviction." (*Ibid.*) Thus, the trial court properly instructed that the jury could determine Parigi guilty of burglary based on the intent to commit the offense of unlawful driving or taking of a vehicle – the intent to permanently or temporarily deprive the owner of possession or ownership of a vehicle.

## *III.*

Parigi asserts that the trial court erred by not applying recently amended section 1385, subdivision (c), when ruling upon her motion to dismiss her prior felony strike conviction. She points out that the prior strike conviction was more than five years old and that she suffers from mental illness. We reject this claim because the amendment does not apply to the Three Strikes law.

Section 1385, subdivision (c), now provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except

5

if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  Section 1385 does not apply to the Three Strikes law, which is an alternative sentencing scheme, not a sentence enhancement.  (*People v. Burke* (2023) 89 Cal.App.5th 237, 243 [section 1385, subdivision (c), clearly and unambiguously applies only to enhancements, not the alternative sentencing scheme of the Three Strikes law].)

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

6

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.